```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

GINO D'OTTAVIO,
individually and on behalf of
all others similarly                1:18-cv-09082-NLH-AMD
situated,
                                           OPINION
    Plaintiff,

v.

SLACK TECHNOLOGIES,

    Defendant.

**APPEARANCES:**

ARI HILLEL MARCUS
YITZCHAK ZELMAN
MARCUS ZELMAN, LLC
701 COOKMAN AVENUE
SUITE 300
ASBURY PARK, NJ 07712

    *On behalf of Plaintiff*

PAUL JEFFREY BOND
MARK S. MELODIA
HOLLAND & KNIGHT LLP
2929 ARCH STREET
SUITE 800
PHILADELPHIA, PA 19104

    *On behalf of Defendant*

**HILLMAN**, District Judge

    Plaintiff, Gino D'Ottavio, filed a putative class action alleging that Defendant, Slack Technologies, transmitted dozens of unsolicited commercial text messages to Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone

Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.[1] Plaintiff claims that after he signed up at slack.com, he began to receive tens of unsolicited text messages. Plaintiff claims that even though he contacted Slack by email to request that Slack cease sending him text messages, Slack's unwanted text messages continued. Plaintiff alleges that Slack's violation of the TCPA entitles him, and every other similarly situated class member, to an award of $500.00 to $1,500 in statutory damages for each violation.

Slack filed an answer to Plaintiff's complaint denying his claims and lodged a counterclaim. Slack contends that Plaintiff abused a feature on Slack's website to deliberately send himself the texts at issue. Slack alleges that this feature was designed to allow desktop users of Slack to download and use a version of the application on their mobile devices, but instead Plaintiff abused the feature 1,590 times to send himself 1,590 texts to trump up his baseless TCPA lawsuit. Slack alleges that each text was an act of fraud by Plaintiff, intended to manufacture "injury" and a baseless demand for recovery.

Slack alleges that Plaintiff is well-versed in the TCPA, having brought five separate actions under the TCPA against a

---

[1] The Court has subject matter jurisdiction over Plaintiff's complaint under 28 U.S.C. § 1331.

range of companies before suing Slack.² Slack contends that it is entitled to dismissal of Plaintiff's case and its costs in responding to Plaintiff's transparent sham. Slack has alleged counterclaims against Plaintiff for wanton and willful misconduct, common law fraud, breach of express contract, and breach of the implied covenant of good faith and fair dealing. (Docket No. 6.)

Plaintiff filed an answer to Slack's counterclaims. "Plaintiff categorically denies using any feature of Slack to text himself 1,590 times or that he engaged in the conduct alleged by Defendant." (Docket No. 15 at 3, ¶ 26.)

Presently before the Court are three motions: Slack's motion for sanctions against Plaintiff and his counsel pursuant to Federal Civil Procedure Rule 11 (Docket No. 28), Plaintiff's counsel's motion to withdraw as counsel for Plaintiff (Docket No. 30), and Plaintiff's motion to dismiss his complaint with prejudice (Docket No. 31). Slack does not oppose Plaintiff's

---

² D'Ottavio v. Protection 1 Alarm Monitoring, Inc., 3:15-cv-01136-MAS-DEA (closed August 24, 2016, judgment in Plaintiff's favor in the amount of $3,000); D'Ottavio v. Citibank, Inc., 1:16cv-00621-RMB-AMD (dismissed on May 2, 2017 pursuant to a private settlement); D'Ottavio v. Capital One Bank (USA), N.A., 1:16-cv-09478-NLH-KMW (dismissed on September 14, 2017 pursuant to a private settlement); D'Ottavio v. Etan Industries, 1:18-cv-02269-JHR-KMW (case open, pending motion by counsel to withdraw, filed on December 31, 2018). Plaintiff's counsel's motion to withdraw in this case was filed on October 1, 2018.

motion to dismiss his complaint, so long as it is with prejudice, and it takes no position on Plaintiff's counsel's motion to withdraw. Slack points out that the dismissal of Plaintiff's complaint and the resolution of counsel's motion to withdraw do not resolve Slack's motion for sanctions in the form of Slack's attorney's fees and costs, and Slack's counterclaims against Plaintiff remain pending and should proceed to discovery. (Docket No. 32, 33.)

For the following reasons, the Court will grant Plaintiff's motion to dismiss his complaint, but the Court will deny without prejudice Plaintiff's counsel's motion to withdraw, as well as Slack's motion for sanctions.

   **1.   Plaintiff's motion to dismiss**

In his motion to dismiss his claims with prejudice, Plaintiff asserts that after he filed this action, Slack provided him with a Declaration that claimed that the text messages were purposely solicited from Plaintiff's electronic devices. "The Plaintiff categorically denies the Defendant's claims that the Plaintiff is the one who purposely solicited these messages from the Defendant. However, if the Defendant was 'set up' by anyone to make these calls, the Plaintiff desires no part in any claims for recovery resulting from such calls. As such, the Plaintiff desires to withdraw his Complaint and his claims against

4

Defendant with prejudice. Plaintiff has offered to stipulate to the dismissal of those claims; Defendant has refused to so stipulate, instead insisting that the Plaintiff file the instant Motion to Dismiss." (Docket No. 31-1 at 2.)

Federal Civil Procedure Rule 41(a) governs Plaintiff's motion. Rule 41(a) provides in relevant part:

> (1) Without a Court Order . . . [T]he plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. . . . Unless the notice or stipulation states otherwise, the dismissal is without prejudice.
>
> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

Fed. R. Civ. P. 41(a).

Because Slack has not stipulated to the dismissal of Plaintiff's complaint, Rule 41(a)(2) applies. Plaintiff requests that his complaint be dismissed with prejudice, and Slack does not oppose this request, except to note that it objects to the dismissal of its counterclaims.

The Court will grant Plaintiff's motion to dismiss his complaint with prejudice. Slack's counterclaim will remain

5

pending for separate adjudication.[3]

   2.  **Plaintiff's counsel's motion to withdraw**

Plaintiff's counsel has moved to withdraw their representation of Plaintiff.  Counsel relates:

> As the Plaintiff's Complaint is being withdrawn, there is nothing left for Plaintiff's counsel to do in this matter.  The Plaintiff's counsel was retained in this matter on a contingency basis, based on an expected recovery on the Plaintiff's TCPA claims.  However, the Plaintiff no longer has any claims.  The Plaintiff has declined to retain or pay the undersigned counsel to defend him in connection with the Counterclaims now being brought by the Defendant.  As such, good cause exists for Marcus & Zelman, LLC to withdraw as counsel as their representation of the Plaintiff has now come to a close.  The Plaintiff has agreed to this request.

---

[3] The basis for subject matter jurisdiction over Plaintiff's complaint, which asserted a violation of federal law, is 28 U.S.C. § 1331.  Because those claims have been dismissed, the Court must determine whether it may exercise subject matter jurisdiction over Slack's counterclaims.  See Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 836 (3d Cir. 2011) (other citation omitted) (explaining that "[g]enerally speaking, the dismissal of the complaint will not preclude adjudication of a counterclaim over which the court has an independent basis of jurisdiction"); id. (citing Fed. R. Civ. P. 13(a)) (further explaining had the defendants filed first, they could have invoked § 1332 to bring their state law claims in federal court in the first instance, and the plaintiff could have filed its causes of action as counterclaims, but as things actually transpired, the defendants were forced to file their state law claims as compulsory counterclaims since they arose out of the same "transaction or occurrence" as the plaintiff's complaint).  Slack's counterclaims arise under state law and arise out of the same transaction or occurrence as Plaintiff's claims.  See id. at 836 n.9 (citations omitted) (explaining that to be deemed part of the same "transaction or occurrence" for Rule 13(a) purposes, a claim need only bear a logical relationship to the subject matter of the complaint).  It appears that subject matter jurisdiction may continue under 28 U.S.C. § 1332(a) because Plaintiff is a citizen of New Jersey and Slack is a citizen of California.  (Docket No. 1 at 3, Docket No. 6 at 11.)

(Docket No. 30-1 at 2.)

The standards for assessing whether an attorney may be relieved of his representation of his client in a pending case are set forth in Local Civil Rule 102.1 and Rules of Professional Conduct 1.16.  Local Civil rule 102.1 provides, "Unless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court."  Because no other counsel has been substituted on Plaintiff's behalf, Plaintiff's counsel may only withdraw by leave of Court.

To assist the Court in that assessment, RPC 1.16, "Declining or Terminating Representation," provides that the Court should consider four criteria: 1) the reason withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal may cause to the administration of justice; and 4) the degree to which withdrawal may delay the resolution of the case.  U.S. ex rel. Cherry Hill Convalescent, Ctr., Inc. v. Healthcare Rehab Sys., Inc., 994 F. Supp. 244, 252-53 (D.N.J. 1997).

Counsel relates that Plaintiff has consented to their withdrawal, and a copy of their motion to withdraw was emailed and mailed to Plaintiff.  (Docket No. 30-2.)  The Court, however, has not heard directly from Plaintiff.  The Court does not know whether Plaintiff understands that Slack's counterclaims remain

pending against him, or that Slack's motion for sanctions against him is not mooted by the dismissal of his complaint against Slack. The Court also does not know whether Plaintiff intends to represent himself pro se or obtain new counsel.

The Court will therefore deny counsel's motion without prejudice at this time. The Court will direct Plaintiff to file a letter on the docket, either through his current counsel or independently, indicating whether: (1) he consents to the withdraw of his lawyers; (2) he understands that he is still subject to Slack's counterclaims and request for sanctions against him;[4] and (3) he wishes to represent himself pro se or obtain another attorney to represent him. Counsel shall provide a copy of this Opinion and accompanying Order to Plaintiff and file a certification of service to document that they have done so. Counsel may refile their motion to withdraw as counsel, if they choose, after Plaintiff has complied with the Court's order. The Court expresses no opinion on the merits of such a motion.

3.  **Slack's motion for sanctions**

Slack argues that Plaintiff must be sanctioned for his fraudulent denials set forth in the answer to Slack's

---

[4] Even though, as discussed below, the Court will deny without prejudice Slack's motion for sanctions, that denial is without prejudice to Slack's right to refile its motion pending the resolution of its counterclaims against Plaintiff.

counterclaims.  Slack contends that the unrebutted, detailed, forensic evidence proves that Plaintiff sent the text messages to himself in an attempt to fabricate TCPA claims, while in the midst of litigating multiple other TCPA actions in this district.

Slack further contends that Plaintiff's counsel must be sanctioned for filing the baseless denials without adequate inquiry in the answer to Slack's counterclaims.  Slack points out that the TCPA provides four years to bring a civil action, and Plaintiff's claims would not be time-barred until, at the earliest, May 2, 2021.  Slack argues that Plaintiff's counsel had years to determine if there was any basis for this action, but they did not, thus failing in their duty to perform a reasonable investigation before brining suit.

Plaintiff's counsel objects to Slack's arguments.  Counsel relates that on July 26, 2018, the parties participated in a Rule 16 initial conference before the Magistrate Judge, and at that conference, Slack's counsel advised the Magistrate Judge that it wished to take a forensic examination of Plaintiff's electronic devices to back up its claims that Plaintiff used these devices to repeatedly send himself text messages using Slack's messaging platform.  The Magistrate Judge then ordered the parties to confer as to a forensic examination protocol.  The parties submitted a stipulation agreeing to the protocol which was then

9

so-ordered by the magistrate judge on August 13, 2018. The Court then ordered that Slack was to conduct the forensic examination of Plaintiff's computers and cell phones by no later than September 10, 2018. To date, however, counsel states that Slack has not taken a forensic examination of Plaintiff's electronic devices.

Plaintiff's counsel argues that Slack's motion for sanctions must be denied because it lacks any proof that Plaintiff actually did what Slack says he did. Counsel argues that Slack is seeking sanctions against counsel and Plaintiff for filing an answer that has not been found to be false or frivolous. Counsel contends that Slack could have obtained the forensic examination it demanded, but instead when Plaintiff filed a denial to the counterclaims, Slack tried to bully Plaintiff into withdrawing his response by threatening him and his counsel with sanctions.

Federal Rule of Civil Procedure 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for

establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Rule 11(c) further provides that if "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation."

Rule 11 is intended to discourage the filing of frivolous, unsupported, or unreasonable claims by "impos[ing] on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'" Lieb v. Topstone Indus. Inc., 788 F.2d 151, 157 (3d Cir. 1986). Specifically, Rule 11 requires that an attorney certify that any pleading, written motion or other paper presented to the court (1) is not presented for any improper purpose such as to harass or increase the costs of litigation, and (2) the legal contentions contained "are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law." Fed. R. Civ. P. 11(b)(1), (2). Rule 11 sanctions are "aimed at curbing

abuses of the judicial system," Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 397 (1990), and "intended to discourage the filing of frivolous, unsupported, or unreasonable claims," Leuallen v. Borough of Paulsboro, 180 F. Supp. 2d 615, 618 (D.N.J. 2002).

Rule 11 sanctions are warranted only in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous. Paris v. Pennsauken School Dist., 2013 WL 4047638, at *6 (D.N.J. 2013) (citing Watson v. City of Salem, 934 F. Supp. 643, 662 (D.N.J. 1995); Doering v. Union Cnty. Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988)). The Third Circuit has recognized that sanctions should only be imposed in those rare instances where the evident frivolousness of a claim or motion amounts to an "abuse[ ] of the legal system." Id. Moreover, a court must look to whether an attorney's or party's representations to the court were reasonable under the circumstances. Pettway v. City of Vineland, 2015 WL 2344626, at *7 (D.N.J. 2015) (citing Bus. Guides v. Chromatic Commc'ns Ent., 498 U.S. 533, 551 (1991)). "The wisdom of hindsight is to be avoided; the attorney's conduct must be judged by what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Id. (quoting Schering Corp. v. Vitarine Pharm., Inc., 889 F.2d 490, 496 (3d Cir. 1989)). "When the attorney reasonably relies upon

the misrepresentations of a client, the client not the attorney should be sanctioned under Rule 11." Id. (quoting Horizon Unlimited, Inc. v. Richard Silva & SNA, Inc., No. CIV. A. 97-7430, 1999 WL 675469, at *4 (E.D. Pa. Aug. 31, 1999)). "Counsel is permitted to assume his client is honest with him unless and until circumstantial evidence is obviously to the contrary." Id.

In support of its motion for sanctions, Slack takes the position that its proof as to Plaintiff's conduct – and the conduct of Plaintiff's counsel - is unrebutted and unrebuttable. The Court cannot credit Slack's position at this stage in the case.

Slack has asserted counterclaims against Plaintiff alleging that Plaintiff fraudulently manufactured his TCPA claim by sending thousands of text messages to himself. Plaintiff has filed an answer to Slack's counterclaims denying that allegation. Slack's claims are pending, still in dispute, and they will proceed to discovery. Slack may view Plaintiff's denials to be disingenuous and unsupported by the facts, but the procedural posture of the case precludes the Court from applying what is essentially a summary judgment standard to Slack's motion for sanctions, which, if Slack's position were credited, would ultimately result in a judgment in Slack's favor prior to

13

discovery.[5]

Consequently, the Court will deny without prejudice Slack's motion for sanctions, reserving Slack's right to reassert its motion at the appropriate time after discovery on its counterclaims.[6]

**CONCLUSION**

For the reasons expressed above, Plaintiff's motion to dismiss his complaint with prejudice will be granted.

---

[5] Fed. R. Civ. P. 56(a) provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Currently, Plaintiff has disputed Slack's claims, and Plaintiff is entitled to present his defense. The Court will not transform Slack's Rule 11 motion into one for summary judgment. However, nothing precludes Slack from moving for summary judgment in accordance with the Federal and Local Rules of Procedure. See Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."); L. Civ. R. 56.1(a).

[6] If Plaintiff's current counsel is relieved, and Slack refiles its motion for sanctions, such motion may still be advanced against current counsel for their conduct while appearing on Plaintiff's behalf prior to their withdrawal. See 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."); Kramer v. Tribe, 156 F.R.D. 96, 101 (D.N.J. 1994) (citing Chambers v. Nasco, Inc., 501 U.S. 32, 43–46 (1991)) ("The Court also has inherent disciplinary authority to supervise and monitor the conduct of attorneys admitted to practice.").

Plaintiff's counsel's motion to withdraw as counsel will be denied without prejudice pending Plaintiff's submission to the Court. Slack's motion for sanctions will be denied without prejudice.

An appropriate Order will be entered.

Date: April 15, 2019       s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.