```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
GINO D'OTTAVIO,
individually and on behalf of
all others similarly                1:18-cv-09082-NLH-AMD
situated,
                                          MEMORANDUM
     Plaintiff,                        OPINION & ORDER

v.

SLACK TECHNOLOGIES,

     Defendant.
```

**APPEARANCES:**

ARI HILLEL MARCUS
YITZCHAK ZELMAN
MARCUS ZELMAN, LLC
701 COOKMAN AVENUE
SUITE 300
ASBURY PARK, NJ 07712

   *On behalf of Plaintiff*

PAUL JEFFREY BOND
MARK S. MELODIA
HOLLAND & KNIGHT LLP
2929 ARCH STREET
SUITE 800
PHILADELPHIA, PA 19104

   *On behalf of Defendant*

**HILLMAN**, District Judge

WHEREAS, Plaintiff, Gino D'Ottavio, filed a putative class action alleging that Defendant, Slack Technologies, transmitted dozens of unsolicited commercial text messages to Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone

Consumer Protection Act("TCPA"), 47 U.S.C. § 227 et seq., thereby invading Plaintiff's privacy; and

WHEREAS, Slack filed an answer to Plaintiff's complaint denying his claims and lodging a counterclaim, claiming that Plaintiff abused a feature on Slack's website to deliberately send himself the texts at issue; and

WHEREAS, on April 15, 2019, the Court granted Plaintiff's motion to dismiss his claims against Slack, but denied without prejudice Slack's motion for sanctions, as well as Plaintiff's counsel's motion to withdraw as counsel (Docket No. 36, 37); and

WHEREAS, Slack's counterclaim remains pending for separate adjudication;[1] and

---

[1] The basis for subject matter jurisdiction over Plaintiff's complaint, which asserted a violation of federal law, is 28 U.S.C. § 1331. Because those claims have been dismissed, the Court must determine whether it may exercise subject matter jurisdiction over Slack's counterclaims. See Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 836 (3d Cir. 2011) (other citation omitted) (explaining that "[g]enerally speaking, the dismissal of the complaint will not preclude adjudication of a counterclaim over which the court has an independent basis of jurisdiction"); id. (citing Fed. R. Civ. P. 13(a)) (further explaining had the defendants filed first, they could have invoked § 1332 to bring their state law claims in federal court in the first instance, and the plaintiff could have filed its causes of action as counterclaims, but as things actually transpired, the defendants were forced to file their state law claims as compulsory counterclaims since they arose out of the same "transaction or occurrence" as the plaintiff's complaint). Slack's counterclaims arise under state law and arise out of the same transaction or occurrence as Plaintiff's claims. See id. at 836 n.9 (citations omitted) (explaining that to be deemed part of the same "transaction or occurrence" for Rule 13(a)

WHEREAS, the Court directed Plaintiff to file a letter on the docket, either through his current counsel or independently, indicating whether: (1) he consents to the withdrawal of his lawyers; (2) he understands that he is still subject to Slack's counterclaims and request for sanctions against him; and (3) he wishes to represent himself *pro se* or obtain another attorney to represent him (Docket No. 36 at 8); and

WHEREAS, the Court directed counsel for Plaintiff to provide a copy of the Opinion and accompanying Order to Plaintiff and file a certification of service to document that they did so; and

WHEREAS, Plaintiff's counsel complied with the Court's Order (Docket No. 40, 42), and counsel has refiled their motion to withdraw (Docket No. 43); and

WHEREAS, Plaintiff's counsel relates that after over 20 attempts to communicate with Plaintiff over the course of several months to no avail, counsel finally communicated with Plaintiff, and Plaintiff related:

    1) "I do not consent to your motion to withdraw as counsel";

    2) "I understand the nature of the counter suit";

    3) "If Ari Marcus if permitted to withdraw I presently do not know how I will be proceeding."

---

purposes, a claim need only bear a logical relationship to the subject matter of the complaint). It appears that subject matter jurisdiction may continue under 28 U.S.C. § 1332(a) because Plaintiff is a citizen of New Jersey and Slack is a citizen of California. (Docket No. 1 at 3, Docket No. 6 at 11.)

(Docket No. 42); and

WHEREAS, Slack filed a letter stating that it takes no position on Plaintiff's counsel's motion to withdraw (Docket No. 44); and

WHEREAS, the standards for assessing whether an attorney may be relieved of his representation of his client in a pending case are set forth in Local Civil Rule 102.1 ("Unless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court.") and Rule of Professional Conduct 1.16, which requires the Court to consider four criteria: (1) the reason withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal may cause to the administration of justice; and (4) the degree to which withdrawal may delay the resolution of the case, <u>U.S. ex rel. Cherry Hill Convalescent, Ctr., Inc. v. Healthcare Rehab Sys., Inc.</u>, 994 F. Supp. 244, 252–53 (D.N.J. 1997); and

WHEREAS, the Court finds that good cause exists to relieve counsel of their obligation to represent Plaintiff: (1) even though Plaintiff has stated to his lawyers that he does not consent to their withdrawal, Plaintiff has failed to have any meaningful communication with his counsel since September 2018, and has not contacted the Court with regard to any of his concerns, even when he was encouraged to do so by the Court's

prior Orders; (2) Plaintiff understands that Slack's counterclaims remain pending against him, and that Slack's motion for sanctions against him is not mooted by the dismissal of his complaint against Slack; and (3) Plaintiff has consented to the dismissal of his claims against Slack, and Slack's counterclaims against Plaintiff remain in their infancy; and

WHEREAS, Plaintiff's refusal to consent to his counsel's withdrawal but otherwise fail to communicate with counsel or the Court presents an untenable position for the parties and the Court and frustrates, rather than promotes, the orderly adjudication of this matter;

THEREFORE,

IT IS on this ___3rd___ day of ___July___, 2019

ORDERED that Plaintiff's counsel's MOTION to Withdraw [43] be, and the same hereby is, GRANTED; and it is further

ORDERED that within 20 days of the date of this Order, Plaintiff shall either (1) enter his appearance *pro se*;[2] or (2) obtain new counsel.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[2] Plaintiff's counsel represents that Plaintiff has been attending Rutgers Law School for several years, and although counsel is not certain that Plaintiff is still attending law school due to Plaintiff's failure to communicate with them, Plaintiff's Facebook page currently lists him as attending law school. (Docket No. 43-1 at 23.)