```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

    GINO D'OTTAVIO,
    individually and on behalf of
    all others similarly                    1:18-cv-09082-NLH-AMD
    situated,
                                                **MEMORANDUM
            Plaintiff/Counter-                 OPINION & ORDER**
            Defendant,

    v.

    SLACK TECHNOLOGIES,

            Defendant/Counter-
            Claimant.

**APPEARANCES:**

PAUL JEFFREY BOND
MARK S. MELODIA
ZALIKA T. PIERRE
HOLLAND & KNIGHT LLP
2929 ARCH STREET
SUITE 800
PHILADELPHIA, PA 19104

   *On behalf of Defendant/Counter-Defendant*

**HILLMAN**, District Judge

   WHEREAS, Plaintiff, Gino D'Ottavio, filed a putative class action alleging that Defendant, Slack Technologies, transmitted dozens of unsolicited commercial text messages to Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act("TCPA"), 47 U.S.C. § 227 et seq., thereby invading Plaintiff's privacy; and

   WHEREAS, Slack filed an answer to Plaintiff's complaint

denying his claims and lodging a counterclaim, claiming that Plaintiff abused a feature on Slack's website to deliberately send himself the texts at issue; and

WHEREAS, on April 15, 2019, the Court granted Plaintiff's motion to dismiss his claims against Slack, but denied without prejudice Slack's motion for sanctions, as well as Plaintiff's counsel's motion to withdraw as counsel (Docket No. 36, 37); and

WHEREAS, on July 3, 2019, the Court granted Plaintiff's counsel's motion to withdraw (Docket No. 45); and

WHEREAS, because Slack's counterclaim remained pending for separate adjudication,[1] in that same Order, the Court directed

---

[1] The basis for subject matter jurisdiction over Plaintiff's complaint, which asserted a violation of federal law, is 28 U.S.C. § 1331.  Because those claims have been dismissed, the Court must determine whether it may exercise subject matter jurisdiction over Slack's counterclaims.  See Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 836 (3d Cir. 2011) (other citation omitted) (explaining that "[g]enerally speaking, the dismissal of the complaint will not preclude adjudication of a counterclaim over which the court has an independent basis of jurisdiction"); id. (citing Fed. R. Civ. P. 13(a)) (further explaining had the defendants filed first, they could have invoked § 1332 to bring their state law claims in federal court in the first instance, and the plaintiff could have filed its causes of action as counterclaims, but as things actually transpired, the defendants were forced to file their state law claims as compulsory counterclaims since they arose out of the same "transaction or occurrence" as the plaintiff's complaint). Slack's counterclaims arise under state law and arise out of the same transaction or occurrence as Plaintiff's claims.  See id. at 836 n.9 (citations omitted) (explaining that to be deemed part of the same "transaction or occurrence" for Rule 13(a) purposes, a claim need only bear a logical relationship to the subject matter of the complaint).  It appears that subject

2

that within 20 days, Plaintiff was to either (1) enter his appearance *pro se*;[2] or (2) obtain new counsel; and

WHEREAS, to date, Plaintiff has failed to respond to the Court's Order, and has not otherwise contacted the Court;

THEREFORE,

IT IS on this ___7th___ day of __October__, 2019

ORDERED that Slack Technologies shall commence prosecution of its claims against Plaintiff consistent with the Federal Rules of Civil Procedure.[3]

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

matter jurisdiction may continue under 28 U.S.C. § 1332(a) because Plaintiff is a citizen of New Jersey and Slack is a citizen of California.  (Docket No. 1 at 3, Docket No. 6 at 11.)

[2] Plaintiff's counsel represents that Plaintiff has been attending Rutgers Law School for several years, and although counsel is not certain that Plaintiff is still attending law school due to Plaintiff's failure to communicate with them, Plaintiff's Facebook page currently lists him as attending law school.  (Docket No. 43-1 at 23.)

[3] See, e.g., Fed. R. Civ. P. 55 (concerning when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend).