**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

GINO D'OTTAVIO,
individually and on behalf of
all others similarly                      1:18-cv-09082-NLH-AMD
situated,

      Plaintiff/Counter-          **MEMORANDUM**
      Defendant,                   **OPINION & ORDER**

v.

SLACK TECHNOLOGIES,

      Defendant/Counter-
      Claimant.

---

**APPEARANCES:**

PAUL JEFFREY BOND
MARK S. MELODIA
ZALIKA T. PIERRE
HOLLAND & KNIGHT LLP
2929 ARCH STREET
SUITE 800
PHILADELPHIA, PA 19104

    *On behalf of Defendant/Counter-Defendant Slack Technologies*

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Gino D'Ottavio, filed a putative class action alleging that Defendant, Slack Technologies, transmitted dozens of unsolicited commercial text messages to Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act("TCPA"), 47 U.S.C. § 227 et seq., thereby invading Plaintiff's privacy; and

    WHEREAS, Slack filed an answer to Plaintiff's complaint

denying his claims and lodging counterclaims, claiming that
Plaintiff abused a feature on Slack's website to deliberately
send himself the texts at issue;[1] and

WHEREAS, on July 9, 2018, Plaintiff, through his prior
counsel, filed an answer to Slack's counterclaims, denying
Slack's claims; and

WHEREAS, on April 15, 2019, the Court granted Plaintiff's
motion to dismiss his claims against Slack, but denied without
prejudice Slack's motion for sanctions, as well as Plaintiff's
counsel's motion to withdraw as counsel (Docket No. 36, 37); and

WHEREAS, on July 3, 2019, the Court granted Plaintiff's
counsel's motion to withdraw (Docket No. 45); and

WHEREAS, because Slack's counterclaims remained pending for
separate adjudication,[2] in that same Order, the Court directed

---

[1] Slack alleges that this feature was designed to allow desktop
users of Slack to download and use a version of the application
on their mobile devices, but instead Plaintiff abused the
feature 1,590 times to send himself 1,590 texts to trump up his
baseless TCPA lawsuit.  Slack alleges that each text was an act
of fraud by Plaintiff, intended to manufacture "injury" and a
baseless demand for recovery.  Slack alleges that Plaintiff is
well-versed in the TCPA, having brought five separate actions
under the TCPA against a range of companies before suing Slack.
Slack has alleged counterclaims against Plaintiff for wanton and
willful misconduct, common law fraud, breach of express
contract, and breach of the implied covenant of good faith and
fair dealing.

[2] The basis for subject matter jurisdiction over Plaintiff's
complaint, which asserted a violation of federal law, is 28
U.S.C. § 1331.  Because those claims have been dismissed, the

that within 20 days, Plaintiff was to either (1) enter his

appearance *pro se*;[3] or (2) obtain new counsel; and

WHEREAS, because Plaintiff failed to respond to the Court's

Order, on October 7, 2019, the Court directed Slack to commence

prosecution of its claims against Plaintiff consistent with the

Federal Rules of Civil Procedure; and

WHEREAS, in December 2019, Slack filed a motion for summary

---

Court must determine whether it may exercise subject matter
jurisdiction over Slack's counterclaims. See Barefoot
Architect, Inc. v. Bunge, 632 F.3d 822, 836 (3d Cir. 2011)
(other citation omitted) (explaining that "[g]enerally speaking,
the dismissal of the complaint will not preclude adjudication of
a counterclaim over which the court has an independent basis of
jurisdiction"); id. (citing Fed. R. Civ. P. 13(a)) (further
explaining had the defendants filed first, they could have
invoked § 1332 to bring their state law claims in federal court
in the first instance, and the plaintiff could have filed its
causes of action as counterclaims, but as things actually
transpired, the defendants were forced to file their state law
claims as compulsory counterclaims since they arose out of the
same "transaction or occurrence" as the plaintiff's complaint).
Slack's counterclaims arise under state law and arise out of the
same transaction or occurrence as Plaintiff's claims. See id.
at 836 n.9 (citations omitted) (explaining that to be deemed
part of the same "transaction or occurrence" for Rule 13(a)
purposes, a claim need only bear a logical relationship to the
subject matter of the complaint). It appears that subject
matter jurisdiction may continue under 28 U.S.C. § 1332(a)
because Plaintiff is a citizen of New Jersey and Slack is a
citizen of California. (Docket No. 1 at 3, Docket No. 6 at 11.)

[3] In their motion to withdraw, Plaintiff's counsel represented
that Plaintiff had been attending Rutgers Law School for several
years, and although counsel was not certain that Plaintiff was
still attending law school due to Plaintiff's failure to
communicate with them, Plaintiff's Facebook page currently
listed him as attending law school. (Docket No. 43-1 at 23.)

judgment[4] and two letters with the Court, all of which detailed
Plaintiff's failure to respond to all of Slack's discovery
requests and Plaintiff's failure to appear at a scheduled
deposition (Docket No. 48-53); and

WHEREAS, according to Fed. R. Civ. P. 37(b)(2), when party
fails to obey an order to provide or permit discovery the court
may strike a pleading in whole or in part, Fed. R. Civ. P.
37(b)(2)(A)(iii), and render a default judgment against the
disobedient party, Fed. R. Civ. P. 37(b)(2)(A)(vi); and

WHEREAS, in addition to Plaintiff failing to respond to this
Court's October 7, 2019 Order, Plaintiff has (1) failed to
respond to Slack's discovery requests pursuant to Fed. R. Civ. P.
26 and 36,[5] both of which impose an affirmative duty on the

---

[4] Even though Plaintiff previously appeared in the action through
counsel, and counsel filed an answer to Slack's counterclaims,
because counsel has been relieved and Plaintiff has not obtained
new counsel or entered his appearance *pro se*, Plaintiff's status
is akin to being in default.  See Fed. R. Civ. P. 55 (concerning
when a party against whom a judgment for affirmative relief is
sought has failed to plead *or otherwise defend*) (emphasis
added).  Consequently, a more appropriate mechanism for Slack to
prosecute its claims against Plaintiff would be Fed. R. Civ. P.
55 rather than Fed. R. Civ. P. 56.  Regardless, however, of that
procedural issue, the Court finds that Fed. R. Civ. P.
37(b)(2)(A) and the assessment of the Poulis factors to be the
most appropriate course under the circumstances here.

[5] Specifically with regard to Fed. R. Civ. P. 36(a)(3), "A matter
is admitted unless, within 30 days after being served, the party
to whom the request is directed serves on the requesting party a
written answer or objection addressed to the matter and signed
by the party or its attorney."

parties to participate in discovery, and (2) failed to respond to the Court's discovery order directing Plaintiff to provide computers and cell phones for forensic examination (Docket No. 21, Docket No. 36 at 9-10); and

WHEREAS, it appears to the Court that the remedies provided by Fed. R. Civ. P. 37(b)(2)(A)(iii) and (iv) for Plaintiff's disregard of his discovery obligations and this Court's orders may be warranted;

Accordingly,

IT IS on this ____9th____ day of __July__, 2020

ORDERED that Plaintiff Gino D'Ottavio shall show cause, within 20 days of today, as to why his answer to Defendant's counterclaims should not be stricken and default judgment entered against him; and it is further

ORDERED that if Plaintiff responds to this Order to Show Cause, Defendant shall have 15 days to file a response; and it is further

ORDERED that if Plaintiff fails to respond to this Order to Show Cause, the Court will assess the relevant factors under Poulis v. State Farm Casualty Co., 747 F.2d 863 (3d Cir. 1984)[6] to

---

[6] Where a sanction may "deprive a party of the right to proceed with or defend against a claim," courts must weigh the six factors enunciated by the Third Circuit in Poulis v. State Farm Casualty Co., 747 F.2d 863, 870 (3d Cir. 1984) (explaining that the relevant "factors should be weighed by the district courts

determine whether striking Plaintiff's answer to Defendant's counterclaims and entering default judgment against him is proper;[7] and it is further

ORDERED that Defendant's motion for summary judgment [48] be, and the same hereby is, DENIED WITHOUT PREJUDICE;[8] and it is finally

ORDERED that the Clerk of the Court shall mail this Order to Plaintiff's last known address: 38 Chancellor Park Drive, Mays Landing, NJ 08330.

                                        s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

in order to assure that the 'extreme' sanction of dismissal or default is reserved for the instances in which it is justly merited").

[7] See Linwood Trading Ltd v. American Metal Recycling Services, 2017 WL 2825934, at *1 (D.N.J. 2017) (where, after the court granted defendant's counsel's motion to withdraw, defendant failed to obtain new counsel, failed to respond to the court's discovery orders, and failed to respond to the court's order to show cause as to why defendant's answer should not be stricken and default judgment entered against it pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii) and (iv), the court assessed the Poulis factors, finding good cause existed to strike defendant's answer and enter default judgment against it in plaintiff's favor).

[8] If Plaintiff fails to respond to the Court's Order to Show Cause, and the Court determines that default judgment is warranted, Defendant may refile the relevant content of its motion for summary judgment, along with a calculation of damages, in support of the entry of final judgment. The Court notes that a calculation of damages must be supported by the law governing Defendant's counterclaims and other documentary evidence.