UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

GINO D'OTTAVIO,
individually and on behalf of
all others similarly                    1:18-cv-09082-NLH-AMD
situated,

     Plaintiff/Counter-                      **OPINION**
     Defendant,

v.

SLACK TECHNOLOGIES,

     Defendant/
     Counterclaimant.

---

**APPEARANCES:**

GINO D'OTTAVIO
38 CHANCELLOR PARK DRIVE
MAYS LANDING, NJ 08330

    *Plaintiff/Counter-Defendant pro se*

PAUL JEFFREY BOND
MARK S. MELODIA
HOLLAND & KNIGHT LLP
2929 ARCH STREET
SUITE 800
PHILADELPHIA, PA 19104

    *On behalf of Defendant/Counterclaimant*

**HILLMAN**, District Judge

    Plaintiff, Gino D'Ottavio, filed a putative class action
alleging that Defendant, Slack Technologies, transmitted dozens
of unsolicited commercial text messages to Plaintiff on
Plaintiff's cellular telephone, in violation of the Telephone
Consumer Protection Act("TCPA"), 47 U.S.C. § 227 et seq., thereby

invading Plaintiff's privacy.  Slack filed an answer to
Plaintiff's complaint denying his claims and lodging
counterclaims, claiming that Plaintiff abused a feature on
Slack's website to deliberately send himself the texts at issue.[1]

On July 9, 2018, Plaintiff, through his prior counsel, filed
an answer to Slack's counterclaims, denying Slack's claims.  On
April 15, 2019, the Court granted Plaintiff's motion to dismiss
his claims against Slack, but denied without prejudice Slack's
motion for sanctions, as well as Plaintiff's counsel's motion to
withdraw as counsel.  (Docket No. 36, 37.)  On July 3, 2019, the
Court granted Plaintiff's counsel's motion to withdraw.  (Docket
No. 45.)

Because Slack's counterclaims remained pending for separate
adjudication,[2] the Court directed that within 20 days, Plaintiff

---

[1] Slack alleges that this feature was designed to allow desktop
users of Slack to download and use a version of the application
on their mobile devices, but instead Plaintiff abused the
feature 1,590 times to send himself 1,590 texts to trump up his
baseless TCPA lawsuit.  Slack alleges that each text was an act
of fraud by Plaintiff, intended to manufacture "injury" and a
baseless demand for recovery.  Slack alleges that Plaintiff is
well-versed in the TCPA, having brought five separate actions
under the TCPA against a range of companies before suing Slack.
Slack has alleged counterclaims against Plaintiff for wanton and
willful misconduct, common law fraud, breach of express
contract, and breach of the implied covenant of good faith and
fair dealing.

[2] The basis for subject matter jurisdiction over Plaintiff's
complaint, which asserted a violation of federal law, is 28
U.S.C. § 1331.  Because those claims have been dismissed, the

was to either (1) enter his appearance *pro se*;[3] or (2) obtain new counsel.  Plaintiff failed to respond to the Court's Order, and on October 7, 2019, the Court directed Slack to commence prosecution of its claims against Plaintiff consistent with the Federal Rules of Civil Procedure.

In December 2019, Slack filed a motion for summary judgment[4]

---

Court must determine whether it may exercise subject matter jurisdiction over Slack's counterclaims.  See Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 836 (3d Cir. 2011) (other citation omitted) (explaining that "[g]enerally speaking, the dismissal of the complaint will not preclude adjudication of a counterclaim over which the court has an independent basis of jurisdiction"); id. (citing Fed. R. Civ. P. 13(a)) (further explaining had the defendants filed first, they could have invoked § 1332 to bring their state law claims in federal court in the first instance, and the plaintiff could have filed its causes of action as counterclaims, but as things actually transpired, the defendants were forced to file their state law claims as compulsory counterclaims since they arose out of the same "transaction or occurrence" as the plaintiff's complaint). Slack's counterclaims arise under state law and arise out of the same transaction or occurrence as Plaintiff's claims.  See id. at 836 n.9 (citations omitted) (explaining that to be deemed part of the same "transaction or occurrence" for Rule 13(a) purposes, a claim need only bear a logical relationship to the subject matter of the complaint).  It appears that subject matter jurisdiction may continue under 28 U.S.C. § 1332(a) because Plaintiff is a citizen of New Jersey and Slack is a citizen of California.  (Docket No. 1 at 3, Docket No. 6 at 11.)

[3] In their motion to withdraw, Plaintiff's counsel represented that Plaintiff had been attending Rutgers Law School for several years, and although counsel was not certain that Plaintiff was still attending law school due to Plaintiff's failure to communicate with them, Plaintiff's Facebook page currently listed him as attending law school.  (Docket No. 43-1 at 23.)

[4] Even though Plaintiff previously appeared in the action through counsel, and counsel filed an answer to Slack's counterclaims,

3

and two letters with the Court, all of which detailed Plaintiff's failure to respond to all of Slack's discovery requests and Plaintiff's failure to appear at a scheduled deposition.  (Docket No. 48-53.)

On July 9, 2020, the Court denied without prejudice Defendant's motion for summary judgment.  (Docket No. 54.)  The Court ordered that Plaintiff was to show cause, within 20 days, as to why his answer to Defendant's counterclaims should not be stricken and default judgment entered against him.  In issuing that decision, the Court noted that in addition to Plaintiff failing to respond to this Court's October 7, 2019 Order, Plaintiff had (1) failed to respond to Slack's discovery requests pursuant to Fed. R. Civ. P. 26 and 36,[5] both of which impose an affirmative duty on the parties to participate in discovery, and

---

because counsel has been relieved and Plaintiff has not obtained new counsel or entered his appearance *pro se*, Plaintiff's status is akin to being in default.  See Fed. R. Civ. P. 55 (concerning when a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*) (emphasis added).  Consequently, a more appropriate mechanism for Slack to prosecute its claims against Plaintiff would be Fed. R. Civ. P. 55 rather than Fed. R. Civ. P. 56.  Regardless, however, of that procedural issue, the Court finds that Fed. R. Civ. P. 37(b)(2)(A) and the assessment of the Poulis factors to be the most appropriate course under the circumstances here.

[5] Specifically with regard to Fed. R. Civ. P. 36(a)(3), "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

(2) failed to respond to the Court's discovery order directing Plaintiff to provide computers and cell phones for forensic examination.  (Docket No. 21, Docket No. 36 at 9-10.)  The Court further noted that according to Fed. R. Civ. P. 37(b)(2), when a party fails to obey an order to provide or permit discovery, the Court may strike a pleading in whole or in part, Fed. R. Civ. P. 37(b)(2)(A)(iii), and render a default judgment against the disobedient party, Fed. R. Civ. P. 37(b)(2)(A)(vi).

Plaintiff has again failed to respond to the Court's Order or otherwise participate in the defense of Defendant's claims against him.  Consequently, the Court finds that the remedies provided by Fed. R. Civ. P. 37(b)(2)(A)(iii) and (iv) for Plaintiff's disregard of his discovery obligations and this Court's orders are warranted.

Where a sanction may "deprive a party of the right to proceed with or defend against a claim," courts must weigh the six factors enunciated by the Third Circuit in Poulis v. State Farm Casualty Co., 747 F.2d 863, 870 (3d Cir. 1984) (explaining that the relevant "factors should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal or default is reserved for the instances in which it is justly merited").  These factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the

adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal or default judgment, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Here, (1) Plaintiff is personally responsible for his inaction as he is acting *pro se*; (2) Defendant is prejudiced by Plaintiff's failure to participate in discovery or respond to the Court's orders because Defendant cannot pursue its counterclaims against Plaintiff; (3) since Plaintiff's counsel withdrew from the case on July 3, 2019, Plaintiff has never contacted the Court; (4) it appears that Plaintiff's inaction is intentional, as there is no indication that Defendant's correspondence and this Court's Orders have not been successfully transmitted to Plaintiff; (5) no sanction other than default judgment would be effective based on Plaintiff's failure to respond to Defendant's discovery requests and this Court's Orders; and (6) without Plaintiff's participation, this Court cannot assess the merit of any defenses to Defendant's counterclaims that he may have.

Thus, in consideration of the <u>Poulis</u> factors and Fed. R. Civ. P. 37(b)(2)(A)(iii) and (iv), this Court finds that default

6

judgment as a sanction against Plaintiff is warranted.
Defendant has asserted four counterclaims against Plaintiff: (1)
willful and wanton misconduct; (2) common law fraud; (3) breach
of express contract; and (4) breach of the implied covenant of
good faith and fair dealing.  In order to issue a default
judgment on Defendant's counterclaims, however, the Court must
be satisfied that each of Defendant's counterclaims constitutes
a legitimate cause of action, and that the factual allegations
in Defendant's counterclaims, when deemed admitted, support each
cause of action.[6]  Additionally, Defendant's requested damages
must be supported under the law and established through
affidavits and other materials.  See Comdyne I. Inc. v. Corbin,
908 F.2d 1142, 1149 (3d Cir. 1990) (explaining that every "well-
pled allegation" of the complaint, except those relating to
damages, are deemed admitted, when considering a default
judgment); Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 535
(D.N.J. 2008) (explaining that before entering a default

---

[6]  Defendant's counterclaims do not cite to a specific state's
law.  (Docket No. 6 at 12-21)  In other submissions to the
Court, Defendant has cited to New Jersey law.  (Docket No. 51.)
The Court notes, however, that Defendant's counterclaims
reference an "Acceptable Use Policy" and "User Terms," which
include a section marked "Governing Law; Venue; Waiver of Jury
Trial; Fees."  (Docket No. 6 at 19, 20.)  The counterclaim
complaint is silent as to the content of the governing law and
venue provision.  Defendant must address this in their
supplemental submission to support the entry of default
judgment.

judgment the court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law"); Bobst North America v. EC3, LLC, 2018 WL 2175773, at *4 (D.N.J. 2018) ("The only remedy Plaintiff seeks [for its claims by way of default judgment] is for the purchase price of the equipment, $114,977.00, plus interest and costs.  However, Plaintiff has not submitted any documentation that proves this was the purchase price agreed upon by the parties.  Without more, the Court cannot simply grant Plaintiff's motion for the amount requested.  Again, to prevail, Plaintiff must submit adequate evidence supporting its claim for damages.  To the extent Plaintiff is also seeking fees and cost[s], it must likewise provide the legal basis for such relief along with sufficient factual support.").

Within 30 days of today, Defendant shall submit the supplemental submissions as directed by the Court to support the legitimacy of Defendant's counterclaims and to establish the appropriate measure of damages.  An accompanying Order will be entered.


Date:   April 8, 2021              s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

8